# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-01895-LJO-MJS<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 10<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Eric Charles Rodney K'napp ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on November 19, 2012. (ECF No. 1.) On December 21, 2012, the Court dismissed Plaintiff's initial Complaint for failure to state a claim but did give leave to amend. (ECF No. 9.) Plaintiff filed a First Amended Complaint. (ECF No. 10.) Plaintiff's First Amended Complaint is now before the Court for screening.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a

claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.     PLAINTIFF'S CLAIMS

Plaintiff alleges that while housed at Sierra Conservation Center ("SCC") in Jamestown, California, he was subjected to a vast conspiracy of retaliation. In a pleading that is more than sixty pages long, he undertakes to sue some eighty different defendants for ending his single cells status and housing him in a dormitory or a double cell, for failing to respond adequately to his many grievances, and for retaliating against him for filing those grievances by transferring him to prisons far from his family in Sacramento.

## III.    ANALYSIS

### A.     42 U.S.C. § 1983

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). §

1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**IV.**

### B.     Federal Rule of Civil Procedure Rule 8

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. Bautista v. Los Angeles County,

216 F.3d 837, 840-41 (9th Cir. 2000).  Plaintiff's sixty-six page First Amended Complaint sets forth a multitude of unrelated claims against a multitude of unrelated Defendants.  It is so mired in extraneous facts, issues relating to other actions, and legal arguments that it fails to comply with Rule 8(a).

Plaintiff will be given **one last opportunity** to file a proper pleading, a Second Amended Complaint that complies with the above standards and the legal criteria previously given to him for properly asserting the legal elements for whatever claim he elects to bring. (Those criteria, and the deficiencies in his various claims, were spelled out in detail in the Court's previous screening Order.  That information will not be repeated again here. Plaintiff should refer to that previous screening Order to determine which claim he wishes to bring and how properly to assert it.)  Rule 8(a) requires a short and plain statement of the claim and prohibits improper joinder of unrelated claims and parties.  There is no conceivable reason why Plaintiff should need more than twenty pages to identify his claims and the specific facts that support those claims. Accordingly, absent further order of this Court for good cause shown, Plaintiff's Second Amended Complaint, if he chooses to file one, **may not exceed twenty pages** in length.  Any amended pleading that fails to comply with the above referenced standards, limitations and requirements will be dismissed and this case will be dismissed with prejudice.

### III.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint shall be dismissed for failure to comply with Rule 8(a).  The Court will provide Plaintiff with one last opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff's amended complaint may not exceed twenty pages in length and it must comply with Rules 8 and 18.

In amending his complaint, Plaintiff is advised that under section 1983, he must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011,

1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. 676-677; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's First Amended Complaint, filed January 11, 2013, is dismissed;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint not to exceed twenty pages in length excluding exhibits; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   October 28, 2013          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

5