1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>     Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>     Defendants. | Case No.  1:12-cv-01895-LJO-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>FOR RECONSIDERATION<br><br>(ECF No. 13) |

Plaintiff Eric Charles Rodney K'napp ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 19, 2012.  (ECF No. 1)

On October 29, 2013, the Court issued an order dismissing Plaintiffs' Complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8(a).  (ECF No. 12.) On November 12, 2013, Plaintiff filed objections to the Court's order, which the Court will construe as a motion for reconsideration.  (Mot. for Recons., ECF No. 13.)

## I.      LEGAL STANDARDS

### A.      Motions for Reconsideration of Non-Dispositive Pretrial Orders

Federal Rule of Civil Procedure 72(a) provides:

> Nondispositive Matters.  When a pretrial matter not dispositive of a party's

claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

"A judge of the court may reconsider [pretrial matters determined by a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A).

**B.**   <u>**Screening Standards**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  <u>Iqbal</u>, 556 U.S. at 678.

///

C.   **Pleading Standards**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

II.   **DISCUSSION**

A.   **Factual Background and Procedural History**

The Magistrate Judge previously dismissed Plaintiffs' First Amended Complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8(a).  (ECF No. 9.)

The Court informed Plaintiff that his sixty-six page First Amended Complaint set forth a myriad of claims against multiple Defendants.  The First Amended Complaint was so mired in extraneous facts, issues relating to another action, and legal arguments that it failed to comply with Rule 8(a).  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims.  Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000).

The Magistrate Judge's review of Plaintiff's First Amended Complaint found that it did not comply with the pleading requirements in any way which would allow the Court to determine if it contained hidden within it a cognizable cause of action.  Moreover, given the demands imposed on the Court by the tremendous volume of such cases and its other civil,

criminal, and habeas corpus case load, it was neither practical nor fair to other litigants for the Court to spend the time necessary to review the inordinately lengthy document to try to extract an identifiable, potentially cognizable claim, identify the facts, if any, related thereto and identify which Defendant(s) could possibly be held to answer for it.

The Magistrate Judge gave Plaintiff the opportunity to file an amended pleading no longer than twenty pages, excluding exhibits.  The Court informed Plaintiff that his case would be dismissed without prejudice if the amended pleading violates this page limitation.

### B.     Motion for Reconsideration

Plaintiff argues that the Court has taken too long to screen his amended complaint and the delay has placed him in unnecessary danger.  He also argues that prisoners are not required to comply with Federal Rule of Civil Procedure 8 under the Prison Litigation Reform Act (28 U.S.C. § 1915A(b)).  He argues that the Magistrate Judge was obligated to liberally construe his amended complaint because Plaintiff is a pro se party.  He alleges that the Magistrate Judge made the following errors: incorrectly screened his amended complaint under 42 U.S.C. § 1983 despite the fact that the amended complaint had claims under the Americans with Disabilities Act; failed to provide Plaintiff with sufficient notice regarding the deficiencies in his amended complaint; incorrectly found that Plaintiff's amended complaint did not comply with Rule 8; incorrectly found that Plaintiff set out unrelated claims in his amended complaint; and failed to address Plaintiff's request to maintain the status quo.  Plaintiff requests an oral argument on his motion.

Plaintiff's arguments do not reach the central issue of the Magistrate Judge's order – Plaintiff's Complaint fundamentally failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Until Plaintiff is able to meet this requirement, the Court cannot allow this action to be served on any Defendants or continue with the litigation process.

## III.    CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

1.   Plaintiff's motion for reconsideration is DENIED;

2.   Plaintiff's request for oral argument on his motion for reconsideration is DENIED;

3.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint not to exceed twenty pages in length excluding exhibits; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 5, 2014**                          **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE