1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | Case No.  1:12-cv-01895-LJO-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al., | ECF No. 16 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendants. | |

Plaintiff Eric Charles Rodney K'Napp ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

On October 29, 2013, the Court dismissed Plaintiff's First Amended Complaint for failure to comply with the requirements of Federal Rule of Civil Procedure 8.  (ECF No. 12.)  The Court gave Plaintiff leave to file an amended complaint that complied with the Federal Rules of Civil Procedure, was no longer than twenty pages in length, and did not combine unrelated facts or defendants.  (Id.)

Plaintiff filed a Second Amended Complaint on March 5, 2014.  (ECF No. 16.)  It fails to meet pleading requirements or the above-mentioned directives.  Although only fifteen pages in length, it is single-spaced and contains approximately fifty-six lines per page.  If properly typed it would well exceed the page limit imposed by the Court. It

names thirty-five unrelated defendants.  It continues to assert a variety of claims arising out of unrelated facts, including facts suggesting a vast conspiracy of retaliation under the First Amendment, violations of Plaintiff's rights under the Americans with Disabilities Act, violations of Plaintiff's rights uneder the Eighth Amendment's right to be free of cruel and unusual punishment, violations of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment, etc.  (Id.)

Plaintiff has in not complied with the Court's screening order.  His Second Amended Complaint fails to meet the requirements of Federal Rule of Civil Procedure 8, includes numerous unrelated claims and defendants, and is needlessly and excessively long.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several

factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its very heavy docket weigh in favor of dismissal.  Neither the public nor the Court can be expected to continue to indulge pleadings where the pleader disregards the Court's notice of deficiencies and its directives for correcting them and files a replacement pleading which includes the same, if not more extensive and egregious, deficiencies. The Court recognizes that Plaintiff is not a lawyer and is not represented in this matter.  However, the ongoing deficiencies reflect either a conscious effort to evade the Court's Order or a deliberate disregard of it, not difficulty complying with it.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

The Court finds that the fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed above.

Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at 1424.  The Court's screening order expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim." (ECF No. 12.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Based on the foregoing, the Court RECOMMENDS that Plaintiff's Second

1  Amended Complaint be dismissed, without prejudice, based on Plaintiff's failure to obey
2  a court order and that Plaintiff not be given further leave to file an amended pleading.

3       These Findings and Recommendations are submitted to the United States
4  District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
5  636(b)(1). Within fourteen (14) days after being served with these Findings and
6  Recommendations, any party may file written objections with the Court and serve a
7  copy on all parties.  Such a document should be captioned "Objections to Magistrate
8  Judge's Findings and Recommendations."  The parties are advised that failure to file
9  objections within the specified time may waive the right to appeal the District Court's
10 order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 IT IS SO ORDERED.

13  Dated:   March 27, 2014          /s/ Michael J. Seng
14                                   UNITED STATES MAGISTRATE JUDGE